### *ROCKWELL & AL. vs. SMITH & AL.*

Where the answers of a garnishee to interrogatories, are sought to be disproved, the garnishee must have notice.

Judgment cannot be rendered, before issue joined, or an opportunity for defence.

APPEAL from the court of the parish and city of New Orleans.

The plaintiffs sued out a writ of attachment against the defendants, and cited Vanbuskirk as garnishee. The latter answered under oath to interrogatories put by plaintiffs, and denied having in his possession, or under his control, any effects, rights or credits, of the defendants,

Smith & Thurlow. These answers were sworn to, and filed on the 22d February, and on the 2d March the plaintiffs, without notice to the garnishee, introduced testimony to disprove the truth of his answers.

Eastern District.
*April*, 1830.

Rockwell
& al.
*vs.*
Smith & al.

Judgment was rendered against the defendants, to be paid by the garnishee, and the latter appealed.

*Carleton* and *Lockett*, for the appellant, assigned, for error apparent on the face of the record :

1. Interrogatories were propounded to garnishee, who answered them according to law, and to whose answers no exception was taken or made. The plaintiffs introduced witnesses to contradict such answers, and no notice thereof was given to the garnishee.

2. The garnishee has been condemned, without being cited or heard, and the proceedings are illegal and void.

*Morse*, for appellees.

There is no error in the judgment of the inferior court, and damages should be given for a frivolous appeal.

Eastern District.
*April,* 1830.

ROCKWELL
& AL.
*vs.*
SMITH & AL.

PORTER, J. delivered the opinion of the court. This case commenced by attachment, and judgment was given against the defendants. An appeal has been taken by the garnishee, from that part of the decree which condemned him to pay the amount of the judgment.

The ground on which he claims a reversal is, that by his answers to the interrogatories, he discharged himself from all responsibility; and that without notice to him, by the pleadings or otherwise, testimony was taken to contradict these answers.

We think this a sufficient ground to reverse the judgment; indeed no greater error could be well alleged. In a case where the plaintiff has a demand, no matter how well founded, a judgment obtained against his debtor, without hearing him or giving him an opportunity to be heard, would be null and void To make a man responsible in a suit, in which he has no concern, without affording him the means of sustaining the truth of what he has sworn to, is if possible a stronger case of injustice, than condemning the defendant unheard.

When the answers of a garnishee to interrogatories

It is said, the *Code of Practice* does not contemplate, and has not provided for notice to

the garnishee, that his answer to the interrogatories would be contradicted. It may not have any provision to that effect, but it must have contemplated it. It cannot be presumed a violation of one of the first principles of justice was intended by the legislature, and if they did so intend, the constitutionality of such a provision might well be doubted. When a garnishee denies having any property in his hands, and the plaintiff, notwithstanding this denial, insists he should have judgment against him, a contest arises, in which the garnishee is substantially defendant. In the case of *Allyn* vs. *Wright*, this court decided, that an *ex parte* examination of this kind, did not authorize judgment against the garnishee. It is true, that the act of 1811, under which that opinion was given, required reasonable notice to be given, that the plaintiff would introduce evidence touching the matters in the garnishee's answer: but, under the general principle, that there must be issue joined, before judgment can be rendered, and that an opportunity must be afforded for defence, before there can be condemnation; we think the proceedings in the case were irregular, and must be set aside.—9 *Martin* 272—1 *Mart. Dig.* 522.

Eastern District.
*April*, 1830.

ROCKWELL
& AL.
vs.
SMITH & AL.

rogatories are sought to be disproved, the garnishee must have notice.

Judgment cannot be rendered before issue joined, and an opportunity afforded for defence.

Eastern District.
*April*, 1830.

ROCKWELL
& AL.
*vs.*
SMITH & AL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, so far as it affects the appellant, be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the cause be remanded, to be proceeded in according to law, the appellee paying the costs of this appeal.